## Nicholason v. Nicholason

*James C. Lanshe*, for libellant.

HENNINGER, P. J., July 18, 1949.—Plaintiff in this divorce action is in the United States Marines stationed in Puerto Rico. On March 18, 1948, before leaving for Puerto Rico, he instituted the divorce action but he was absent from the hearing held May 10, 1949.

The charge is desertion beginning February 26, 1947, at Silco, W. Va., and the only competent testimony is that of his parents that plaintiff lived with them in Allentown, Pa., from the end of February

1947 to November 1947 when plaintiff reënlisted in the marines and that during that period defendant neither lived with, nor corresponded with, plaintiff. The parents also testified that their son told them that defendant had deserted him on February 26, 1947, at Silco, W. Va., and also told them that defendant had had another man in Detroit while he was away.

The master, relying on Guth v. Guth, 21 Lehigh 402, recommended a divorce on the parents' testimony alone. We believe he has misinterpreted the Guth case, and that in any event there is no competent proof of desertion in this case.

The Guth case was admittedly an exceptional case, born out of hardship created by involuntary and patriotic service in time of war. In that very case we emphasized the soundness of the usual policy of compelling a plaintiff in divorce to appear personally before the master.

Furthermore, Guth's presence was excused solely by reason of the exigencies of the case. In this case, plaintiff, by enlistment in peace times, voluntarily placed himself beyond the pale of the court.

Lastly, the condition on which plaintiff's presence could be excused was ability to prove a case without his testimony. In the Guth case every element of plaintiff's grounds for divorce was proved by competent testimony. The rules of evidence were not relaxed in the least. The Guth case is not authority for proving a divorce case by other than competent testimony.

If plaintiff's statements to his parents are true and would be believed by a master he would have good grounds for a divorce. We shall, therefore, give him an opportunity to present his evidence personally.

Now, July 18, 1949, the above-captioned action in divorce is referred back to the master and examiner to take such additional testimony as may be offered or as he may demand and for further report to this court.